IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS

ANDREA RAMIREZ, INDIVIDUALLY     )
AND ANDREA RAMIREZ,              )
AS NATURAL PARENT AND            )
GUARDIAN OF D. G., A MINOR,      )
                                 )
            Plaintiffs,          )
                                 )
vs.                              )   Case No.
                                 )
JUAN QUINONES D/B/A              )
DJ'S TRANSPORT,                  )
                                 )
            Defendant.           )
                                 )

## COMPLAINT

Plaintiffs, by and through counsel Brendan P. Lykins and Richard W. James of DeVaughn James Injury Lawyers, and for Plaintiffs' claims against the Defendant, allege and state:

### A. PARTIES

1. Plaintiff Andrea Ramirez is a citizen of the State of Minnesota, and resides at 812 S. Haven Drive, Mankato, Minnesota.

2. Plaintiff D.G., a minor is a citizen of the State of Minnesota, and resides at 812 S. Haven Drive, Mankato, Minnesota.

3. Defendant Juan Quinones d/b/a DJ's Transport is a citizen of El Paso County, El Paso, Texas and may be served at Defendant's residence at 3280 Tierra Mision, El Paso, Texas 79928.

### B. JURISDICTION AND VENUE

4. This Court has jurisdiction over the persons and subject matter.

5. Venue is proper in the Kansas City division of the Kansas District Court of the

Federal District Court.

6. This collision that is the subject matter of this Complaint took place in Lyon County, Kansas on February 17, 2022.

7. This action is brought pursuant to 28 U.S.C. § 1332, in that the amount of controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs and on the basis of diversity of citizenship.

## C.  NATURE OF ACTION

8. This is a civil action for personal injuries suffered by Plaintiffs, Andrea Ramirez and D. G., a minor.

9. This action arises out of a motor vehicle collision on I-35 in Lyon County, Kansas on February 17, 2022.

10. Plaintiffs were passengers in a motor vehicle that was traveling southbound on Interstate 35 near mile marker 126 when a semi being operated by Rafael Martinez-Vega and owned by Defendant, Juan Quinones d/b/a DJ's Transport merged into the same lane as the motor vehicle in which Plaintiffs were passengers causing Plaintiffs' motor vehicle to strike a barrier wall.

11. Trooper J. Zeigler of the Kansas Highway Patrol stated in the 'Crash Narrative' of the Kansas Motor Vehicle Crash Report that, "Weather at the time was heavy snow, limited visibility and snow packed roads. The road had a single visible lane where traffic was traveling.  D1 stated he did not see V2 due to limited visibility and was merging into what he thought was the inside lane." (*D1 is defendant's employee and/or agent and V2 indicates the vehicle in which Plaintiffs were passengers*).

12. At the time of the collision that is the subject matter of this Complaint a hazardous

condition caused by snow, ice, sleet and/or wind existed that adversely affected visibility and vehicle traction.

13. At all times relevant herein Defendant's employee and/or agent failed to exercise ordinary care.

14. At all times relevant herein Defendant's employee and/or agent failed to exercise extreme caution as required by 49 CFR § 392.14.

15. 49 CFR § 392.14 requires that, "Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke, adversely affect visibility or traction. Speed shall be reduced when such conditions exist. If conditions become sufficiently dangerous, the operation of the commercial motor vehicle shall be discontinued and shall not be resumed until the commercial motor vehicle can be safely operated. Whenever compliance with the foregoing provisions of this rule increases hazard to passengers, the commercial motor vehicle may be operated to the nearest point at which the safety of passengers is assured."

### D. CAUSE OF ACTION - NEGLIGENCE

16. At all times relevant herein, driver Rafael Martinez-Vega, was an employee and/or agent of Defendant Juan Quinones d/b/a DJ's Transport and was operating in the course and scope of his employment with Defendant Juan Quinones d/b/a DJ's Transport.

17. Driver Rafael Martinez-Vega was hired, supervised, and trained by Defendant Juan Quinones d/b/a DJ's Transport.

18. Defendant Juan Quinones d/b/a DJ's Transport is responsible for the negligence of its agents/employees and specifically vehicle driver Rafael Martinez-Vega under principles of respondeat superior and vicarious liability.

19. Further the actions and omissions of Defendant's driver, Rafael Martinez-Vega, were negligent and careless for the following reasons:

    a. Failure to yield the right-of-way;

    b. Inattentive operation of a motor vehicle;

    c. Failure to maintain a proper lookout;

    d. Failure to drive with reasonable care;

    e. Failure to give warning;

    f. Failure to drive at a safe speed;

    g. Failure to exercise reasonable care;

    h. Failure to exercise ordinary care;

    i. Failure to exercise extreme caution when presented with hazardous weather conditions;

    j. Failure to maintain control of a motor vehicle; and

    k. Failure to take evasive action.

20. Defendant Juan Quinones d/b/a DJ's Transport was further negligent by failing to properly hire, train, and supervise its employees and/or agents, including Rafael Martinez-Vega, in a way that would ensure their operation of motor vehicles in a safe and prudent manner to prevent harm to other motorists.

21. Defendant's failure to use reasonable care in hiring, retaining, supervising, and training its drivers was the proximate cause of Plaintiffs' injuries and other

damages.

22. Juan Quinones d/b/a DJ's Transport is a motor carrier and operating under authority through the United States Department of Transportation with an assigned D.O.T. number of 2925479.

23. Upon information and belief, the truck being operated by driver Rafael Martinez-Vega was owned, maintained, dispatched, supervised, controlled and repaired by Juan Quinones d/b/a DJ's Transport and was used as a commercial motor vehicle in both intrastate and interstate business making it subject to the Federal Motor Carrier Safety Administration regulations under 49 C.F.R. Sections 381 *et. seq*.

24. 49 C.F.R. § 390.3(e)(1) & (2) provide that every driver and employee shall be instructed regarding and shall comply with all applicable regulations contained in the FMCSR.

25. The FMSCRs are located at 49 C.F.R. § 390 *et seq*. The FMCSRs set forth the applicable minimum industry standard of care including the minimum qualifications for drivers and the minimum duties for drivers under 49 C.F.R. § 391.1(a) & (b).

26. 49 C.F.R. § 390.5 provides that "motor carrier" means a for-hire motor carrier or a private motor carrier. That term includes a motor carrier's agents, officers, and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers.

27. Defendant Juan Quinones d/b/a DJ's Transport was at all material times a "motor carrier" and an "employer" of its driver Rafael Martine-Vega in regard to the operation of a commercial motor vehicle as defined in 49 C.F.R. §382.107.

28. 49 C.F.R. § 392.2 provides that every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated. However, if a regulation of the Federal Motor Carrier Safety Administration imposes a higher standard of care than that law, ordinance or regulation, the Federal Motor Carrier Safety Administration regulation must be complied with.

29. 49 U.S.C. § 14704(a)(2) provides that "A carrier . . . is liable for damages sustained by a person as a result of an action or omission of that carrier. . . in violation of this part."

30. The negligence of Defendant Juan Quinones d/b/a DJ's Transport and their employee/agent Rafael Martinez-Vega directly and proximately caused the collision and the resulting personal injuries and other damages of Plaintiffs.

31. As a result of Defendant Juan Quinones d/b/a DJ's Transport and its employee/agent Rafael Martinez-Vega's negligence, Plaintiffs sustained serious bodily injury, medical expenses, economic and non-economic damages and other personal injuries. Furthermore, Plaintiffs reasonably expect to incur future medical expenses, future economic and future non-economic damages; such as pain, suffering, and mental anguish.

WHEREFORE, Plaintiffs request judgment against Defendant for an amount in excess of $75,000 plus costs and any further relief this Court deems fair, just and equitable.

>Respectfully submitted,
>
>DeVaughn James Injury Lawyers
>
>By: */s/ Brendan P. Lykins*
>     Brendan P. Lykins, #26098
>     Richard W. James, #19822
>     1064 SW Wannamaker
>     Topeka, KS 66604
>     785-888-8888 [t]
>     316-425-0414 [f]
>     blykins@devaughnjames.com
>     rjames@devaughnjames.com
>     *Attorneys for Plaintiffs*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

Plaintiff demands a pretrial conference and a trial by jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Kansas City, Kansas as the place for trial in this matter.

>By: */s/ Brendan P. Lykins*
>     Brendan P. Lykins, #26098
>     Richard W. James, #19822
>     1064 SW Wannamaker
>     Topeka, KS 66604
>     785-888-8888 [t]
>     316-425-0414 [f]
>     blykins@devaughnjames.com
>     rjames@devaughnjames.com
>     *Attorneys for Plaintiffs*